# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-53-TLS |
| | ) | |
| TIMOTHY REDD | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Timothy Redd's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 403]. The Defendant challenges the 240-month sentence imposed by the Court for his offense of using an automobile as a dangerous and deadly weapon to forcibly assault, resist, oppose, impede, intimidate, and interfere with a law enforcement agent who was engaged in his official duties (Count 4). Specifically, the Defendant argues that when the Court reduced the term of imprisonment it imposed for his crack cocaine convictions based on Guideline amendments, it should have reduced his 240-month concurrent sentence for Count 4, as it was wholly subsumed within the crack cocaine sentences, and was imposed without consideration of the relevant Guidelines applicable to Count 4 or any of the other 18 U.S.C. § 3553(a) factors.

## BACKGROUND

In March 2004, a jury convicted the Defendant of conspiring to distribute 5 grams or more of cocaine base, two counts of possessing with intent to distribute 5 grams or more of cocaine base, and one count of knowingly forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal law enforcement officer who was engaged in his official duties, by using a dangerous and deadly weapon, specifically an automobile. At

sentencing in August 2005, the Defendant's criminal history category was determined to be VI and his adjusted offense level was 36. The corresponding advisory Guideline range was 324 to 405 months of imprisonment. Following a contested sentencing hearing in which the defense called witnesses and asked for a sentence below the advisory Guideline range, the Court agreed with the Government's sentencing recommendation and sentenced the Defendant to the maximum of the advisory guideline range of 405 months imprisonment on each of Counts 1 through 3 to run concurrently. The Court imposed the statutory maximum sentence of 20 years imprisonment on Count 4, which was to run concurrent to the sentence imposed for Counts 1 through 3.

After judgment was entered, the Defendant collaterally attacked his conviction on ineffective assistance of counsel grounds, but his motion was unsuccessful on the merits. Since being sentenced, the Defendant has also received modifications to his sentence through 18 U.S.C. § 3582(c). In 2008, retroactive amendments to the Sentencing Guidelines resulted in an advisory Guideline range of 262 to 327 months for the Defendant's crack cocaine offenses. The Court re-sentenced the Defendant to 327 months of imprisonment. In November 2011, the Court again reduced the Defendant's sentence pursuant to § 3582(c) and Amendment 750 to the Guidelines, which reduced the sentencing guideline ranges for certain federal crack cocaine offenders. The Government requested that the Court exercise its discretion to deny the reduction based upon the seriousness of the offense, the Defendant's history and characteristics, the need for deterrence, and the other § 3553 factors. In an April 2012 Opinion and Order, the Court reduced the Defendant's sentence to a term of imprisonment of 210 months for Counts 1 through 3, but left intact his sentence of 240 months on Count 4. The Defendant did not appeal the

Court's decision.

## ANALYSIS

The Defendant invokes 28 U.S.C. § 2255 to challenge the Court's April 2012 sentence reduction. He argues that, during resentencing, the Court should have reduced the term of imprisonment on Count 4 to 210 months or lower.

Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. *See* 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. *See* 28 U.S.C. §§ 2244(a)–(b), 2255(h). The Defendant argues that, despite having already collaterally challenged his conviction, the Court's reduction of his sentence on Counts 1, 2, and 3, now permits him to challenge the 240-month sentence imposed on Count 4 for the first time. He maintains that under Supreme Court precedent, the April 2012 reduction was an amended judgment, he is attacking that amended judgment, and his current Motion is thus not a "second or successive" motion requiring authorization from the Court of Appeals. *See Magwood v. Patterson*, 561 U.S. 320 (2010) (holding that the issuance of a writ of habeas corpus setting aside a sentence as invalid, followed by the imposition of a new sentence, resets the count so that an attack may be brought challenging the new sentence even if the same legal grounds could have been argued with respect to the original sentence). The Government relays in its Response that it agrees with the Defendant's contention, and cites to *Magwood* in support. If the parties are mistaken, however, and the Defendant's Motion is second or successive, this Court is without jurisdiction to hear it.

3

*Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition."). Therefore, the Court will analyze the jurisdictional issue.

**A.      Whether the Defendant's Motion is Second or Successive**

The argument advanced by the Defendant, and agreed to by the Government, was the subject of a recent Seventh Circuit decision that was issued after the completion of briefing in this matter. *See White v. United States*, — F.3d —, 2014 WL 997560, No. 13-3396 (7th Cir. March 14, 2014). The court's ruling in *White* is binding precedent that forecloses this Court's review of the Defendant's Motion as an uncertified second or successive motion to vacate. *White*, 2014 WL 997560, at *2 (holding that the district court's prior reduction of the defendant's sentence based on a retroactive change to the Sentencing Guidelines under § 3582(c) does not reset the limit on second or successive motions to vacate). As the Defendant does here, White argued with respect to his habeas motion that a 2012 sentence reduction reset to zero his count of collateral attacks. In its rejection of this argument, the Seventh Circuit acknowledged the Supreme Court's holding in *Magwood*, but stated that White was not in the same position as Magwood, who had demonstrated in his initial collateral attack that his original sentence violated the Constitution. *White*, 2014 WL 997560, at *2 (citing *Magwood*, 130 S. Ct. at 2797). The court reasoned:

> White's invocation of Amendment 750 did not rest on a contention that his 2006 sentence was unlawful (constitutionally or in any other way), and the district judge did not find it so. Instead White contended, and the judge concluded, that the Guidelines had changed after 2006, and that § 3582(c) authorizes a reduction because the Sentencing Commission made that change retroactive.

This might be thought a semantic quibble, if the result of Amendment 750 were that older judgments are vacated and all prisoners resentenced. Then, as in *Magwood*, the judge might have committed a second time the error that the prisoner sought to contest. But White, unlike Magwood, was not sentenced anew. The procedure established by § 3582(c) is not "resentencing". *See Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). It is a sentence-reduction proceeding.

There are substantial differences between resentencing and sentence reduction under § 3582(c). One is that the district judge need not (and usually does not) receive evidence or reopen any issue decided in the original sentencing. Nor does the judge hold a hearing at which the defendant is present and a new sentence is pronounced. Instead the judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else the same. *See United States v. Wren*, 706 F.3d 861 (7th Cir. 2013), relying on U.S.S.G. § 1B1.10(b)(1), which tells courts that when making retroactive adjustments they "shall leave all other guideline application decisions unaffected." The penalty goes down, but the original judgment is not declared invalid.

*White*, 2014 WL 997560, at *2.

The reasoning of *White* applies to this case. The Defendant attempts to characterize the Court's April 2012 Opinion and Order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) as a resentencing that brought about a new or intervening judgment. The sentence reduction, however, did not invalidate the original judgment. Rather, the Court simply reduced his total offense level and, in its discretion, imposed a lower sentence for the affected counts. The Defendant's initial § 2255 motion was denied by this Court on June 11, 2007. Thus, his current Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is a second or successive motion under § 2255 filed without prior certification from the Seventh Circuit and must be dismissed for lack of jurisdiction. 28 U.S.C. § 2255(h).

The Court does note one potential distinction between the situation in *White* and the Defendant's case. Unlike the defendant in *White*, the Defendant in this matter is not arguing that the Court committed an original sentencing error a second time. Rather, the Defendant asserts

that a challenge to the 240-month sentence on Count 4 did not become ripe until his crack cocaine sentences were reduced below 240 months because, before then, the 240-month sentence had no impact on the total punishment the Defendant would serve on all counts of conviction. He maintains that now that his sentence for Count 1, 2, and 3 has been reduced to 210 months, the 240-month sentence on Count 4 unlawfully subjects him to an additional 30 months of imprisonment.

It is unclear whether the Defendant's contention is that the error was made in August 2005, but not ripe until 2012, or that the error was not actually committed until 2012. Regardless, none of this renders the reasoning of *White* inapplicable. The nature of the April 2012 decision was not that it imposed a new sentence, but that it reduced an existing sentence through a procedure that is not even "constitutionally compelled." *Dillon v. United States*, 560 U.S. 817, 828 (2010) (stating that the Court was "aware of no constitutional requirement of retroactivity that entitles defendants . . . to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines."). Accordingly, the April 2012 decision did not erase the Defendant's first habeas challenge, and he is required to obtain authorization from the Court of Appeals to file this second or successive motion before this Court will have jurisdiction to consider it.

Because the Court has determined that it does not have jurisdiction, it will not address the Government's argument that the Defendant's challenge is barred by procedural default for failure to file a direct appeal, or to establish cause for failing to file an appeal and actual prejudice.

**B.      No Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Defendant's Motion must be construed as an unauthorized successive collateral attack, he cannot satisfy the criteria for a certificate of appealability. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

**CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 403], and declines to issue him a Certificate of Appealability. The Court refers the Defendant to Circuit Rule 22.2 for the procedures to follow in applying to the Court of Appeals for leave to file a second or successive 2255 motion.

SO ORDERED on April 8, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT